## BRANDEBERRY v PENNSYLVANIA RD CO

Ohio Appeals, 2nd Dist, Champaign Co

No 98. Decided Jan 21, 1937

Newcomer & Parker, Bryan, Gibbs & Gibbs, Urbana, and Deaton & Bodey, Urbana, for appellant.

H. W. Houston, Urbana, and David Broomhall, Troy, for appellee.

## OPINION

By CRAIG, PJ.

The parties will be referred to as they stood in the trial court.

This is an appeal on questions of law from the judgment of the Common Pleas Court for the defendant as the result of a directed verdict in its favor at the close of all the evidence. Plaintiff claims that the court erred in directing the verdict and contends that there was sufficient evidence adduced to send the case to the jury. The trial court directed the verdict for the defendant on the theory that the evidence raised a presumption of contributory negligence on the part of plaintiff's decedent, which was not removed.

Under the rule in **Hamden Lodge v The Ohio Fuel Gas Company, 127 Oh St 469,** the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor. But if upon any essential issue after giving such favorable construction reasonable minds can come to but one conclusion and that conclusion is adverse to such party, the trial judge should direct a verdict against him.

Chester Brandeberry, on September 11, 1935, at about 10:45 A. M., was driving a truck loaded with gravel on a public highway, in a northerly direction west of the city of Urbana. His truck was hit by a freight train of the defendant as he was crossing defendant's tracks which intersected the highway at approximately right angles. He was instantly killed and this action was instituted by the administratrix of his estate.

The question presented in this case requires us to inspect closely the entire record, which has been done. We must determine, first, if there was sufficient evidence of negligence on defendant's part to send the case to the jury; and, second, if as a matter of law the evidence shows plaintiff's decedent was guilty of contributory negligence.

The evidence on the issues presented is conflicting, but under the rule in the Hamden Lodge case, supra, the test is not whether the trial judge would set aside a verdict on the weight of the evidence.

Taken in its most favorable light for plaintiff, the evidence shows that on the day in question weeds of a height of eight to ten feet and one and one-half inches to three inches in diameter, (R.5) very close together, (R.26) grew on the south side of defendant's right of way from the ditch to the line of telegraph poles some 18 feet from the south rail of the south tracks on which defendant's train traveled from west to east; that there were weeds five feet to six feet high a distance of ten feet from a pole line (R.p. 70, 71) which was 20 feet south of said south rail (R.110); that the driver of a truck such as the one operated by decedent could not see down the track until he was within two or four feet of the south rail (R.37) and that there was the usual over-hang of the defendant's train extending beyond the south rail. The evidence shows, under the rule of construction, that the whistle of the train was not blown until it was at the second telegraph pole west of the crossing (R. 13) ·or a distance of 159 feet (R. 112); that the train

was going at the rate of at least forty miles per hour (R. 14), and the truck, from five to eight miles per hour (R. 57). From the bridge, the north end of which was 23 feet south of said south rail (R. 111) the road had an incline of 14 inches to the south rail (R. 112), or a grade of about 5% (R. 112, 115). To make this grade the driver of such a truck would have to shift to second gear (R. 57). The decedent was familiar with this crossing, as he had crossed it a number of times including two times on the day of the accident (R. 54).

Defendant's brief very ably analyzes the evidence and would be very persuasive argument to a jury. In it the testimony of Arnold Crowl that "he imagined the train whistled back there two or three telephone poles" is attacked because it indicates the witness was guessing and based his guess on no facts. Under the test heretofore stated we can not accept this theory but must conclude that the witness was giving his estimate as to where the train was before the whistle was blown. Assuming what he says is true the question of defendant's negligence should have gone to the jury. For emphasis we repeat that there is very substantial conflicting testimony on this question, but we are not weighing the evidence.

We are inclined to agree with the statements of Judge Farr in **B. & O. R. R. Co. v Kately, 12 Oh Ap 16,** as quoted in defendant's brief and, taking into consideration the approach to the crossing as shown by the testimony in the light most favorable to plaintiff, it was such that when joined with the evidence as to the blowing of the whistle as set forth herein it gives additional force to the claim that the jury should have considered the case as to defendant's negligence.

The more serious phase of the case is concerned with the question as to whether plaintiff's decedent as a matter of law was guilty of contributory negligence.

If the train were going 40 miles per hour (R. 14) and the whistle were blown two telephone poles west of the crossing (R. 13) or a distance of 159 feet, (R. 112), according to our calculation it reached the crossing 2.709 seconds later. The engineer who was looking straight ahead and who had the advantage of elevation, did not see the truck until it was 14 to 15 feet from the crossing (R. 120). If the truck were going 8 miles per hour, 1.2 seconds later it was at the track. All this shows that under the rule of construction which binds us, the decedent due to the condition of the ap-

proach and the failure to blow the whistle, had no chance to avoid the accident although he may have been using ordinary care under the circumstances.

If decedent, due to the growth of weeds permitted by defendant, could not see down the track until he was within a few feet of the south rail (R. 39 and 66) and were going up a 5% grade with a gravel loaded truck and the whistle was not sounded until the train was 2.7 seconds from the crossing, we are not prepared to say that as a matter of law he was guilty of contributory negligence.

We have examined the several cases cited by counsel for defendant and without discussing them we find that on the facts each one is distinguishable from the situation presented by the testimony in this case in the light most favorable to plaintiff.

We hold that under the most favorable construction rule the case should have gone to the jury and that it was error for the court to have directed a verdict for the defendant.

The judgment is reversed and the cause remanded for a new trial.

HORNBECK and BARNES, JJ, concur.